

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2008

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4633
_____

ZI YUAN LIN
a/k/a LIN ZI YUAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(Agency No.  A96 336 157)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
March 13, 2008


Before:  FUENTES, CHAGARES, Circuit Judges and VAN ANTWERPEN, Senior
Circuit Judge.

(Filed: March 25, 2008)


_____

OPINION OF THE COURT

_____

CHAGARES, Circuit Judge.

Zi Yuan Lin petitions for review of an adverse Board of Immigration Appeals (BIA) decision. On October 6, 2006, the BIA denied Lin's requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Substantial evidence supports the BIA's decision, and we will therefore deny the petition for review.

## I.

We have jurisdiction to review the BIA's final order of removal. See 8 U.S.C. § 1252(a). The "extremely deferential" substantial evidence standard applies to our review of the BIA's findings of fact. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Accordingly, we will reverse the BIA's determinations on such issues as past persecution, the likelihood of future persecution, and the likelihood of torture only if "the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

## II.

Asylum may be granted to aliens who are "refugees" within the meaning of 8 U.S.C. § 1101(a)(42). See 8 U.S.C. § 1158(b)(1). Generally, a refugee is someone who demonstrates an inability or unwillingness to return to his or her prior country of residence "because of persecution or a well-founded fear of persecution" on account of a protected ground. 8 U.S.C. § 1101(a)(42)(A). Such protected grounds include race, religion, nationality, membership in a particular social group, and political opinion. Id. Past

persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control." Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003). This Court has explained that persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). Persecution includes such grave harms as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. at 1240. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1).

In addition, withholding of removal may be granted if an "alien's life or freedom would be threatened" in the country of removal because of one of the five protected grounds listed above. 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of proving that he will more likely than not face persecution on account of a protected ground. See INS v. Stevic, 467 U.S. 407, 429-30 (1984).

Finally, an applicant for relief under the CAT bears the burden of establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The standard for relief "has no subjective component, but instead requires the alien to establish, by objective evidence that he is entitled to relief." Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) (quotation marks omitted). We have held that "even cruel and inhuman behavior by government officials

3

may not implicate the torture regulations," id., because "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2).

## III.

Lin is a native and citizen of the People's Republic of China. He claims to have suffered persecution in China because he sold Falun Gong publications in his bookstore. Specifically, starting in September 2002, Lin sold Falun Gong materials, even though he knew that the Chinese government had banned the organization and prohibited the sale of its materials, because he was able to make a significant profit on the sales. Lin alleges that in November 2002, when the authorities discovered he was selling Falun Gong materials, they confiscated his business license. The authorities informed Lin's father, who was minding the store when they raided it, that Lin had to report to the police. Lin was out of town on business and his father called him and instructed him not to return home. As a result, instead of reporting to the police, Lin went into hiding in Minhou, a town over two hours away.

The police returned to the store again in December 2002, in search of Lin. When the police failed to find him, they shut down the store and issued a warrant for his arrest. Lin testified at his hearing that the authorities also came to Minhou in search of him, but did not find him. Lin lived with his cousin in Minhou, working in his carpentry shop, until September 2004, when he fled to the United States with the assistance of smugglers.

4

Assuming, as the BIA did, that Lin alleges persecution on the basis of imputed political opinion, none of the incidents Lin cites compel reversal of the BIA's decision to deny Lin asylum. Asking Lin to report to the police and confiscating his business license do not constitute the sort of grave harm needed to support a finding of past persecution. See Fatin, 12 F.3d at 1240. Nor does shutting down Lin's shop for the sale of banned materials compel a finding of persecution based on imputed political opinion. To the contrary, Lin lived safely in a town just a few hours away for over two years before fleeing the country. Although Lin testified that the police came looking for him once in Minhou, he presented no other evidence that they continued to search for him. In addition, Lin did not present any evidence that he is likely to face future persecution. Substantial evidence thus supports the BIA's determination that Lin's asylum claim must fail.

Furthermore, we conclude that substantial evidence supports the BIA's decision not to withhold Lin's removal. The isolated nature of the incidents, his relative safety in China while staying with his cousin, and the safety of his family still living in China support the BIA's finding that persecution is not a clear probability upon his return.

Finally, Lin has not provided any evidence that it is more likely than not that he will be tortured upon his return to China. See Lukwago v. Ashcroft, 329 F.3d 157, 182-83 (3d Cir. 2003). Lin argued before the BIA that because he fled China with the assistance of smugglers, he would be imprisoned and tortured upon his return. Yet, Lin failed to make this argument, or any other, in support of his CAT claim in this appeal. In any event, as the BIA correctly noted, Lin "presented no objective evidence that authorities would conclude

5

that his departure from China was illegal, given that he used his own passport and a valid travel permit." Appendix (App.) 25. Nor did he "proffer evidence of what harm would be triggered" if "the government did conclude that his emigration was illegal." Id. at 25-26. The BIA, therefore, correctly determined that Lin cannot obtain CAT relief.

Accordingly, we will deny Lin's petition for review.